**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JOHN P. PONDER
ADC #76977                                                                                          PLAINTIFF

V.                                          5:06CV00134 SWW/HDY

LEROY BROWNLEE, Arkansas Post-Prison Transfer Board;
LARRY ZENO, Arkansas Post-Prison Transfer Board; WILLIAM
WALKER, Arkansas Post-Prison Transfer Board; JOHN FELTS,
Arkansas Post-Prison Transfer Board; CAROLYN ROBINSON,
Arkansas Post-Prison Transfer Board; JOHN BELKEN,
Arkansas Post-Prison Transfer Board; ERMA HENDRIX,
Arkansas Post-Prison Transfer Board; and MICHAEL D.
HUCKABEE, Governor, State of Arkansas                                               DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, a prisoner at the Cummins Unit of the Arkansas Department of Correction, filed this action *pro se*, pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his constitutional rights have been violated by the Defendants' retroactive change to Arkansas's clemency guidelines.  He seeks injunctive relief.  The Court has carefully reviewed the documents submitted by Plaintiff and concludes that he has failed to state a claim upon which relief may be granted.  Accordingly, the Court orders that Plaintiff's Complaint be dismissed, without prejudice.

### I.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Background and Analysis of Plaintiff's Claims

In his Complaint, Plaintiff alleges that he pleaded guilty in 1995 to First Degree Murder based upon the inaccurate representation of his defense attorney that he would be eligible for parole after serving only twelve years of his life sentence. However, defense counsel confused the concepts of "parole" and "clemency," and in fact Plaintiff would only be eligible to seek clemency after twelve years, and again each year thereafter if denied. In the meantime, however, Plaintiff contends, the Defendants have changed the guidelines regarding clemency requests and applied them retroactively. Now, Plaintiff must have served twenty years of his life sentence and may only re-apply for clemency after a four-year waiting period. He asks that the Court "issue a[n] injunction

directing the Defendants to give [him] a fair clemency hearing in 12 years" and that he be permitted to re-apply yearly "pursuant to the guidelines/laws in effect at the time the Plaintiff was arrested and sentenced."

Although Plaintiff has filed this pleading as a § 1983 Complaint, he is, ultimately, seeking release or a shortening of the duration of his confinement via the clemency process. Therefore, the appropriate cause of action should be one for *habeas corpus* relief.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. *Id*. at 484. The label a prisoner gives to his suit is not controlling. *Id*. at 489-90. Therefore, if Plaintiff is in effect challenging the length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. *Id.* at 499. *See also Wilkinson v. Dotson*, 544 U.S. 74 (2005)("[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")

The fact that Plaintiff has labeled this a § 1983 action is not controlling. The type of claim Plaintiff has raised, if proven, could affect the term of his sentence and could result in his immediate release from confinement; therefore, to the extent Plaintiff challenges the fact of his incarceration, his claims are not presently cognizable here. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir.1996)(court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); *Wilson v. Lockhart*, 949 F.2d

1051, 1051-52 (8th Cir.1991)(challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition). Furthermore, the Court declines to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir.1998)(§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

### III. Conclusion

IT IS THEREFORE ORDERED that this action be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that, pursuant to *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb.9, 1999)(unpub. table op.), an action dismissed without prejudice under *Heck*, counts as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[1]

IT IS FURTHER ORDERED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).

DATED this 13th day of June 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE